The first case called for argument, excuse me, is enraged. The marriage of Cerajewski. Council, whenever you are ready, you may proceed. Good morning. Good morning. May it please the court of counsel. I'm John Ratcliffe. I'm here today on behalf of the respondent, appellant John Cerajewski. In my argument today, I may refer to him as the appellant or also as John. I may also refer to the appellee as Carissa. Before we get started today, I'd like to just give the court a brief history of the issue that we believe is before the court today. This case is a divorce case that began in 2008. I entered my appearance in this case in February of 2013. And in January of 2014, on behalf of my client, I filed a petition for relief of judgment. 735. I'll see a five slash two dash 14 one, which I'll also refer to as John's 14 on one petition. On January 15th, 2014, Carissa, through her attorney, filed a motion to dismiss that 14 on one petition, which was set for hearing on February 10th, 2014. In the circuit court in front of the Honorable Harry Fong. At that hearing, Judge Vaughn denied the motion to dismiss. And then without any further pleadings or any further argument or anything else, proceeded to dismiss the motion, the 14 on one petition. And that is our issue that we're presenting to the court today is strictly a procedural issue that the trial court error in dismissing the 14 on one petition as there was no response to pleading on file. And as we sit here today, there is still not a response to pleading on file. And I would quote what Judge Vaughn said that morning, which is part of the transcripts. It's referenced pages 47, 60 to 47, 61 in the record. He said this morning I had some time. I read all the motions and the filings of the parties. I would note I would believe the two dash 14 on one petition filed by the respondent makes reference to several exhibits. Exhibits are not attached to the pleadings. I don't know if they're filed separately in a different file. They're downstairs. I believe I did not review the exhibits, but I reviewed the pleadings. And then he goes on to say, so we're from where I sit right now. Looks like the motion to dismiss the 14 on one petition should be denied. The 14 on one petition should be denied and the contempt citation should be vacated. And there was no written entry or there was no actual order made by the judge. It was done by handwritten entries on a docket sheet. In his oral order, did he make any reference as to the basis of the denial? He did not. He did not. It was a matter of simply just a summary denial of the motion. At a later date, he went on to basically say that he just didn't feel that it was sufficient. But he never made any really specific holdings as to why the 14 on one petition should be denied. Which leads us to the appeal we filed. And we're asking the court to review this on a day no vote basis. We believe that's the correct standard due to the holding in Paul versus Gerald Adelman, A.D.E.L. M.A.M. That's an Illinois Supreme Court case from 2005. Basically, there's no underlying facts in dispute at this time. There's no credibility determinations. This is simply a matter where the law was misapplied in the case at hand. And pursuant to the ruling in Paul versus Gerald Adelman, it should be reviewed day no vote. You asked for many different forms of relief in your pleadings. What form of relief are you asking this court to grant you today? We believe that, first of all, the court should review this day no vote. Second, that the ruling at the trial court should be vacated. It should be remanded. Which ruling? The ruling denying the 1401 petition. So it's purely procedural, your position, basically. That's correct. That's correct. It's purely procedural. It should be remanded back to the trial court with instructions to allow the perissable time to file responsive pleadings. And we would also ask that Judge Vaughn be removed and be reassigned to another trial court. Now, on what basis are you do you ask? You just say you want a new judge. Basically, you want us to give you a new judge. On what basis, legal basis, are you expecting that to occur? The Illinois Supreme Court Rule 366A5 allows the reviewing courts to intervene, judge, or make any further orders and grant any relief that may be necessary to correct the wrongs that we believe occurred at the trial court level. Are you contending the judge was prejudiced against you? I mean, there is no basis for you to request that change that I saw. Specifically, there are several issues that I believe that Judge Vaughn has mishandled this case. First of all, there was a service issue. My client was in property service, served the process. He never addressed that issue. In his own statement, which I read to the court today, he didn't even look at the exhibits that we filed with our petition before he denied it. Aren't those matters, though, that could have been raised on direct appeal? I mean, those are not new issues. Service is not a new issue. I realize that, but the issue with him not reviewing the exhibits is. I mean, this was in this very 1401 hearing on February 10th. He stated, I didn't even look at the exhibits, and yet I'm making a ruling. Do you believe that Judge Vaughn even had to give you a hearing? At that point in time, it was simply set on a motion to dismiss. But do you believe that if the court remands for the filing of an answer, that you're automatically entitled to a hearing? Well, if there's facts in dispute, then yes, my understanding of the law is that requires then a hearing. So he gets to make the first determination as to whether there should be a hearing or not. I believe that the court has to look at the fact that there was an affidavit filed. There was nothing filed that disputed that affidavit, and so the facts have to be taken as well. The court obviously, the trial court, thought there was sufficient facts to go forward. Otherwise, he would have granted the motion to dismiss. Correct. So my question, though, is if the court reverses and allows the answer to be filed, is it your position that you're automatically entitled to a hearing? No, I don't believe so. I believe the law provides that depending on what the response says, if there are facts that are genuinely in dispute, the trial court then can order a hearing on those facts. That's my understanding, and that would be my position to the court today. And basically, I think to answer, to finish with your question about things that were ignored or mishandled by Judge Vaughn, I think it was just, it comes down to a situation with the 1401 that if Judge Vaughn remains on the bench in this proceeding, it's similar to the analogy of you're having the fox guard the hen house. With everything that's gone on in this case, I believe a fresh set of eyes would give a better review of the 1401 petition, and that's why we seek that relief. I would direct the court to the case of Ostendorf versus International Harvester. It's a 1982 Supreme Court case, 89 Illinois Seconds 273. And this addresses the Section 2, 1401 petition at its merits, in which the court in Ostendorf held that this is a new action. Even though it's filing the same case, it's the start of a new action. And so the rules of civil practice apply to it, kind of like you're starting a new case. And in that matter, when there is a motion to dismiss that's filed, then all well-pled facts are deemed admitted. And the court has repeatedly held that the case should not be dismissed, the 1401 should not be dismissed, unless it's clear that there are no set of facts that could ever be proved of entitlement of the plaintiff to relief. Now you referenced Rule 366 Powers. Yes. Could we not review the 619 motion and determine, redetermine that? I know it's the relief that you're not requesting, but what would keep us from doing that? Well, my position would be that that matter was not raised by us before the court. There was not an appeal of that ruling by Carissa or her counsel in regard to that particular ruling on that day. Obviously, this matter is before your court, and if you make that decision, that's something we would have to live with. But I don't think that issue is right before the appellate court, as it's not been brought. If Carissa, if the appellee had filed an appeal of that issue and we had time to brief it and prepare a response to the court, then certainly that matter could be argued. But more than 30 days has passed since that ruling. Well, I don't know how she could raise it since she's the one that prevailed, rightly or wrongly. She prevailed essentially in the sense that your complaint was, your pleading was dismissed by the court, and there's nothing further that she really could do or need to do. With the timing that we filed our appeal, she had time to file an appeal of that issue, if she so chose. I mean, she could have filed a notice of appeal in the trial court when we filed our notice of appeal of that issue. Claiming what? I'm sorry. Claiming what? Claiming that the 619 motion should have been granted. But she didn't. I mean, she had time to file a notice of appeal when we filed ours. So if that was the case, I think that's something she certainly could have done. The other case that I would cite to the court would be N. Ray Somas, T-Z-O-U-M-A-S, which says that where a party fails to respond or otherwise answer a petitioner's allegations of fact in a petition for relief under Section 2-1401, such a failure admits as true those facts while pleading. So if there is not a response of pleading by the other side in those facts and the statements in our affidavit have to be taken as true. And as I said, the court obviously found some merit to those facts because the court denied the 2-619 motion. Well, I don't know that you can say that when they dismissed your complaint. I mean, or your pleading. So it does appear to be somewhat inconsistent. I don't think the trial court's ruling is inconsistent in that. But there's nothing that she could have done about it. Or, I mean, there's nothing that Carissa could have done about it. Correct. It should have been, if her motion was denied, she should have been allowed time to file an answer. And at that point in time, there should have been a briefing schedule. And if the court determined there were facts that were in dispute, then there should have been a hearing on those. But I think for the court to take all of our facts as well pled and determine that there is the ability for the court to grant relief, the court cannot then just summarily deny it. And that is basically what happened in the Village of Kildare case, which I've also cited and provided in our brief. In that case, the trial court denied the motion to dismiss and then immediately proceeded to hold a hearing on the 2-1401 motion. And the appellate court came back and said, you can't do that. You need to allow time to file an answer. So that is our position to the court, is this is a procedural issue. I know the appellees made some arguments that we didn't put in there, the 311 hearing that deals with child custody. That's not really the dispute before the court today. The issue before the court today is simply a procedural matter. The court found that there were facts that were well pled. But yet the court, without any other substantial pleadings, denied our 1401 petition without proper cause. So for those reasons, we would ask the court to review this matter de novo and that's it. Doesn't Judge Vaughn have to get by two issues in the 1401 motion to dismiss? That is, you have to plead the existence of a meritorious defense and the exercise of due diligence? Yes, those are two of the things that must be pled, yes. So the fact that he denied the motion to dismiss, do you take the position that it was his opinion that you adequately pled those two facts? In other words, you let your 1401 stand for at least temporarily? He, my position, once again, I'm happy to infer from what happened before that day because you didn't make any specific findings. But I'm inferring that he found that it was sufficient, it was filed in a timely manner. And I believe he even did make a statement to that effect that it was filed within two years, it was filed in a timely manner. And obviously, there was an affidavit attached to it. So procedurally, I think our 1401 was sufficient, which is why it survived the 619 motion to dismiss. That being said then, like I said, the court made an inconsistent ruling that it then turned around and summarily denied it with no responsive pleadings on file 12. Well, except I take issue with what you just said, because I think what he does, I've got a copy of the hearing. And he does essentially say that he thinks this is res judicata, that it's already been decided or could have been decided on appeal. I believe those issues were fully litigated. That's just kind of the summation of what he says about that. So even though he did deny her motion, he did address your pleading and apparently didn't think it was well pled. And whether or not he has the ability to do that, I think is somewhat of a different question. Right, and I think that's our issue today is with regard to that question, there was no responsive pleading on file. So it's essentially a situation where I believe the facts need to be taken as well pled. Are you taking the position that he could not, on the face of the pleadings, reach that conclusion sua sponte? That's my position. I believe that there needed to be a responsive pleading filed. And I believe the appellate court cases that are out there and Supreme Court cases hold that. Thank you. Thank you, counsel. Counsel? Thank you. May I please support the counsel? My name is Jaron Merrill, and I have represented Justice Serajewski, the commissioner and appellee, basically through this whole litany of proceedings, which actually we've been going since 2008. I do know that Mr. Rackley gave you a brief history, but it was far from literally history. We've actually been here once before, and he went to the Supreme Court once before. And when going back down to Judge Vaughn, we for two years were going through Mr. Rackley or, sorry, Mr. Serajewski saying how he was doing everything he could to enforce the judgment. So when we get to the point where he files his 1401 motion, and I file my motion to dismiss, I was a little perplexed when Judge Vaughn denied the motion because he followed that right up by denying the 1401 motion. But what I have not heard Mr. Rackley give any reasons is why he can't just do that. I understand that may be a question he's bringing to this court, but I still believe he has to give some reason why he can't do that. And there was six years' worth of pleadings in front of the court that the court could have considered. There was, as was previously stated, the two things that have to be overcome in a 1401 motion, which are pleading of well-planned facts and due diligence. Well, I— It has to be an existence of a meritorious defense. A meritorious defense. And the exercise of due diligence. Right. It seems to me that if Judge Vaughn wanted to get rid of this whole mess, all he would have had to do is say, your motion is granted because I find that you haven't—your 1401 petition doesn't meet those criteria. And I think you actually alleged those in your—well, you put forth allegations that would include those in your motion to dismiss. I did, and I couldn't agree more, which is why I was perplexed when he did just deny the motion. But I— But that's my confusion. Are we to assume now that he didn't grant your motion because he found that there was the existence of a meritorious defense and he found, although he doesn't say it, the exercise of due diligence? Are we to assume that because he didn't grant your motion? I mean, everything I read seems that it could have been pled on direct appeal. When he alleges that it could have been done by race judicata, I think that is— It's not a meritorious defense if it's race judicata. Exactly. He says that, I believe, later that day. So—and as the court has stated, I'm left in a position where I won, so what do you do? Do you drag this on any further? But, I mean, I guess I hang my hat on the fact that the court said it is race judicata and we've previously been here. And none of these issues were raised on direct appeal. I mean, Mr. Sergius, he had that right to raise them. They weren't raised. And I understand that he feels he had a better lawyer, but it doesn't change the fact that these issues weren't raised and that it's simply race judicata. What I haven't heard anybody say is why Judge Vaughn couldn't just deny it on the face of the pleadings. I mean, maybe he could, maybe he couldn't, but it's Mr. Sergiuski's job to tell us why he couldn't. So, basically, if I understand this, you claim that you allege the deficiencies in your motion to dismiss, and then the judge denied that, Judge Vaughn denied that, and then ruled specifically on the basis of race judicata. I believe that is specifically. So, basically, to clarify my own mind, my understanding of this, the judge said, well, yes, there was the existence, there was due diligence, it's within the two-year period. There were these issues that existed, but outside of your motion, it's race judicata because they could, they existed, could have been raised and were not raised on the direct appeal. Therefore, they're race judicata, even though I'm denying the motion because those defenses, in fact, exist. Is that a fair statement of the position you're taking as to denial of the motion and your succeeding on the merits? I believe you've said it better than I probably did. I don't know about that, but that's, okay. Frankly, it was confusing to me because I was flabbergasted when my motion to dismiss was denied, and then it's followed up by pretty much granting a portion of my motion that I was just told that I was denied. But regardless of how I got there, I had gotten there. You'll take it. I will take it. Okay. All right. Frankly, unless the court has any more questions, I really summed up my exact position there. So I would, I guess, ask that for the second time, this appeal be dismissed and let the judgment of Judge Vaughn stand for the second time. Thank you. Thank you, counsel. Counsel? Thank you. I would just like to take a moment to address this issue of race judicata. Judge Vaughn made that comment, kind of said it in passing when pressed as to why he was dismissing the 1401 petition. I believe in the 1401 petition itself, there is an abundance of facts that were pled that would give rise to relief that's not race judicata. These are issues that have come up, that have become aware. I obviously wasn't the attorney who was involved in the first appeal. But now we're not doing it procedurally. We're looking at the allegations. But what I'm saying is with race judicata, that was the only statement that he made as far as an explanation. I don't believe that is the issue. I think we're kind of getting sidetracked here. I think the issue is the petition that we filed had sufficient facts that the judge found were sufficient to go forward. When he says all these issues have been litigated in the past? I don't believe that was an accurate statement. You don't think that I accurately? No, no, no. I don't believe that Judge Vaughn made an accurate statement that all of these things have been litigated. If they had, then why didn't he grant the 1401, the motion to dismiss? I mean, if it was truly, and that's one of the things under 619, this matter has already been resolved in another pleading. Then that's why you grant the 619. When he mentioned race judicata, he made that as a finding, not as an offhand statement. He didn't make it as any kind of dicta, did he? No. It was his finding. It was his finding after my recollection. I'm going by my recollection. I understand. Was that he made a statement denying it, and then when asked further, you know, what were your reasonings for that? My recollection of what happened is the judge basically said, here's what I'm going to do today, and do you have any questions or anything else you want to say? And then he was pressed, why judge are you making this? And that's when it came out. I don't want to say it was dicta. It wasn't a finding. It was when he was asked further as to why he specifically did that. And so our position is basically, and I think Austin North is on point with this, that you have to accept what we put in there as true. And the court did, by sustaining the motion to dismiss, and then to turn around and summarily deny the relief requested is a misapplication of the law. There was nothing contradicting that. If the other side doesn't file an answer to a petition, I don't believe the court has the power to just summarily deny that petition without there being some objection. You don't think the court could look at this and make a judgment on the pleadings? I don't believe without there being some type of responsive pleading since the court granted the 619 motion. Since the court found that these facts are well-pled, I don't think the court can then turn around at the very next moment and do that. I do agree it's perplexing. Yeah, that's the issue. I think the court could have granted the 619 motion, and the court could have done that and had done that, we would be here on a totally different argument before the court today. But to say this is a sufficient pleading, but I'm denying it, I think goes over the bounds of what the court procedurally could do as there was no responsive pleading. And it's still not responsive. Well, there can't be a responsive. You just keep saying there's still no responsive pleading. There's no way she can file a responsive pleading. Sure, I understand that. But I guess where I'm going with that is she needs time to file a responsive pleading. That's what we thought would happen. I mean, we had this discussion before we went in there. Well, if I win, here's what's going to happen if you win. And that's kind of what we thought would happen. And then the judge, I think she said it too, kind of pulled the rug out from underneath us. So that's where we're at with that. So I appreciate your time today. Do you have any further questions? I don't believe we do. Thank you. Thank you, counsel. We appreciate the briefs and arguments of both counsel and the case under advisement. The court will be in a very short recess and continue oral arguments.